## D. BUIE v. C. W. CROUCH.

On a judgment of a justice of the peace, rendered in 1861, execution was sued out in 1869, and was levied on the property of the defendant in execution. On the justice's docket an entry appeared, dated in 1864, to the effect that the judgment was then paid in Confederate money. After the levy in 1869, the defendant in the execution obtained an injunction from the district judge, upon petition alleging the payment in Confederate money, dormancy, etc. The plaintiff in execution answered that the Confederate money payment was illegal and void, and that the debt was unpaid and subsisting ; and prayed that his judgment, if dormant, be revived, etc. *Held*, that the District Court did not err in perpetuating the injunction. It had no jurisdiction to revive the dormant judgment of a justice of the peace ; and in the absence of allegation and proof by the plaintiff in execution, that the Confederate money payment was without his authority or consent, the injunction was also properly sustained on the ground of payment.

APPEAL from Kaufman. Tried below before the Hon. John G. Scott.

The material facts are stated in the head-note.

*S. P. Donley*, for the appellant.

No brief for the appellee.

OGDEN, J. There is no error in the judgment of the District Court in this cause in perpetuating the injunction against the collection of the judgment of the justice of the peace, for the reason that that judgment, if any legal judgment ever existed, had become dormant, and no execution could have legally issued on the same, and the District Court had no jurisdiction

to revive a dormant judgment rendered by a justice of the peace. Again, the record from the justice's docket shows that the judgment had been fully paid and canceled at the time of the issuance of execution, and therefore there was no judgment to support the execution.

It is true that, under proper pleadings, it would have been competent for the plaintiff in the execution to have proven that the receipt and cancellation of the judgment on the justice's docket had been erroneously or fraudulently made, and that it was still unpaid and subsisting. The judgment in this case is receipted in full, by the payment of Confederate money. If this payment in Confederate money was made by, and with the consent or approval of the owner of the judgment, so far as he is concerned, then, it is wholly immaterial whether Confederate money was an unlawful or treasonable currency or not, as he received payment to his satisfaction at the time, and he ought not now to be heard to complain. But if that payment was made to the justice of the peace in an unlawful currency, without the consent of the judgment creditor, he could not be held bound by that payment, and would be entitled to an execution, to make his debt in a legal currency, provided the execution be demanded in time. But when an injunction has issued to prevent the collection of that judgment, and he has been cited to show cause why that injunction should not be made perpetual, he should by his answer and proof show most clearly that he in no wise consented to the payment of the judgment in an illegal currency. But, in this case, the appellant wholly failed, in the court below, to allege or prove that the payment in Confederate money was without his consent or approval, or that the receipt on the justice's docket was not made by himself, or his order, or consent. We are therefore of the opinion that the judgment of the District Court, in perpetuating the injunction, is strictly in accordance with the law and the facts of the case, and it is affirmed.

Affirmed.